S. Samuel Di Falco, J.
This is a motion to punish defendants for contempt of court in making two sales of plaintiff’s products in violation of a consent injunction incorporated in a final judgment entered in this court on or about May 15,1953. Defendants oppose the application on the sole ground that the sales in question were made by a corporation whereas the judgment referred to was against them as individuals and partners, alleging that on or about January 1, 1955 they had transferred all of the partnership assets to a corporation bearing the same name, except for the addition of “ Inc.” to the partnership name, and that said corporation now carries on the same business at the same place. It also appears that this change was made after these defendants had been fined for a violation of said injunction on February 10, 1954. However, defendants do not deny the allegations of plaintiff’s affidavit to the effect that they are the majority stockholders of the corporation as well as officers thereof having full charge and control of the conduct of its business and its employees. Under the circumstances outlined I am of the opinion that the corporation is merely the alter ego of the defendants and is therefore chargeable with the knowledge of the defendants as to the prohibitions on the sale of plaintiff’s products prescribed by the. judgment of this court. It is thus clear that the sales were made by employees of the corporation obviously under defendants’ “ authority or control ” as specified in the injunction and constitute a violation thereof. To hold otherwise would permit persons in defendants’ position to evade *783 and make judgments of this type mere unenforcible formalities by the simple device of incorporating an individual or partnership business. (See Oleg Cassini, Inc., v. Dorene Fashions Corp.,. 155 N. Y. S. 2d 64; General Elec. Co. v. Elliot Biffer, New York County Supreme Court, Index No. 13697/1954.) The motion is therefore granted. Defendants are fined the sum of $500 and plaintiff is allowed the sum of $150 as counsel fees.