MEAD JOHNSON & COMPANY, Appellant, v. JACK ROSEN et al., Individually and as Copartners Doing Business under the Name of SILVER ROD STORES, Respondents.

First Department, May 17, 1962.

*Arthur J. Greenbaum* of counsel (*Lauriston Castleman, Jr.,* with him on the brief; *White & Case,* attorneys), for appellant.

*Frederick I. Levy* of counsel (*Leonard Winograd* with him on the brief; *Gershman & Levy,* attorneys), for respondents.

*Per Curiam.* In March, 1961, a permanent injunction issued out of the Supreme Court enjoining these defendants, as individuals and as copartners, together with their agents, employees and all persons acting under their authority or control, or the authority or control of each of them, from selling plaintiff's products below the established retail prices. In July, 1961, four of the five individual defendants organized a corporation which took over the business formerly conducted by the defendants as copartners and conducted it at the same location. It is conceded that this corporation made sales which, if made by the individual defendants or the partnership by means of which they carried on the business, would have violated the injunction. Special Term denied an application to punish for contempt.

We believe this disposition to be error. While the new corporation is a distinct entity, its formation is a patent device to flout the mandate of the court. Special Term on prior occasions has experienced no difficulty in recognizing and nullifying such tactics (*General Elec. Co.* v. *Babitz,* 33 Misc 2d 782, and cases cited therein). Defendants did not dispute the proposition that a corporation so formed would be amenable to the injunction. Their claim is that this corporation was formed pursuant to a plan that antedated the injunction and was for the purpose of securing a more favorable tax structure. They claim that this shows their good faith, or at least creates an issue in regard to it.

There might be validity in this contention if their good faith in this respect constitutes a defense. They do not dispute that they control the corporation. Nor do they contend that the sales in question were made by persons not under their authority and control. Their contention is that the intervention of the corporation relieves them of responsibility, provided that the corporation was formed for a purpose other than avoiding the consequences of the injunction. They rely on a Special Term decision (*Schneider* v. *Blaine Drug Co.,* N. Y. L. J., May 1, 1959, p. 13, col. 3 [The Bronx, Special Term]). There is little consolation in that determination. The court found that there was no sufficient proof that the persons previously enjoined, owned or controlled the new corporation. Here, this fact is not disputed.

It is true that one of the five defendants is alleged to have withdrawn from the partnership and did not participate in the

new corporation. This is not disputed by the plaintiff. As to this defendant, Benjamin Rosen, no contemptuous acts were proved and the order should not include him. The other defendants do not dispute the claim that they own and control the corporation.

We find that from the nature of the violations $200 would constitute an appropriate fine. The order denying the motion, brought on by order to show cause, should be reversed, with costs and an order in accord with this decision settled herein.

VALENTE, EAGER and STEUER, JJ., concur in *Per Curiam* opinion; BREITEL, J. P., and STEVENS, J., dissent and vote to affirm on the ground that the burden of proof was on appellant to establish an identity in purpose and effect between the partnership and the corporation and that such burden was not sustained.

Order entered on December 8, 1961 reversed, with $20 costs and disbursements to the appellant. Settle order on notice.